# CHARMLEY,
*Respondent,*

v.

# LEWIS,
*Appellant.*

(A8202-00967; CA A31532)

711 P2d 984

Thomas W. Brown, Portland, argued the cause for appellant. On the briefs were Cosgrave, Kester, Crowe, Gidley & Lagesen, and Austin W. Crow, Jr., Portland.

Bernard Jolles, Portland, argued the cause for respondent. With him on the brief was Jolles, Sokol & Bernstein, P.C., Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiff, a pedestrian, was injured in an accident with a vehicle operated by defendant on the rainy evening of November 20, 1981. The jury returned a verdict for plaintiff, and defendant appeals from the judgment.

Defendant's main assignment of error contests the trial court's admission of testimony as to what plaintiff claimed to be his habit of crossing at a particular intersection within the unmarked crosswalk. Plaintiff was struck while crossing the street at a "T" intersection in Portland, where North Syracuse Street ends at the intersection of North Ida Street. A crucial issue in the case was whether plaintiff was crossing North Ida within the unmarked crosswalk when he was struck. Defendant testified that plaintiff ran out from behind a parked car, outside the crosswalk. Plaintiff had no recollection of the accident, and there were no other eyewitnesses. Expert witnesses for both parties testified about whether plaintiff was or was not within the unmarked crosswalk when he was struck, based on their reconstructions of the accident.

The accident occurred while plaintiff was walking from his home to the grocery store. He offered evidence that it was his habit to cross the intersection where the accident occurred within the unmarked crosswalk. He testified that when he crossed North Ida Street at the intersection, he always walked within the unmarked crosswalk from the northwest corner to the northeast corner and then turned left and walked north approximately 20 feet along the sidewalk, where he would enter the driveway to the store's parking lot. He testified that he never crossed North Ida Street diagonally, walking directly from the northwest corner to the driveway, and never walked past the northwest corner to cross North Ida Street outside of the unmarked crosswalk directly across from the driveway.

Five other witnesses' testimony was offered to establish plaintiff's habit. The first witness testified that she had seen plaintiff cross that intersection 40 to 50 times in the manner that he described and never otherwise. The second testified that he had seen plaintiff cross that intersection hundreds of times and in all seasons and that he always crossed in the unmarked crosswalk and never outside of it.

The third testified that she had seen plaintiff cross the street two or three times a week during the summer and occasionally in other seasons and that he always walked straight across North Ida at the corner and never diagonally. The fourth testified that she saw plaintiff cross the street almost every day in the summer and occasionally in other seasons and sometimes crossed with him, and he always walked straight across North Ida at the corner and never diagonally. Finally, plaintiff's wife testified that whenever she crossed that street with plaintiff, he always crossed at the corners, never diagonally or outside of the crosswalk. Defendant did not present any contrary evidence.

Defendant contends that plaintiff's practice of crossing this intersection in the unmarked crosswalk is not a "habit" as the term is used in the Oregon Evidence Code. OEC 406 provides:

> "(1) Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice.

> "(2) As used in this section, 'habit' means a person's regular practice of meeting a particular kind of situation with a specific, distinctive type of conduct."

Under OEC 406(1), evidence of a person's habit is admissible to prove that his conduct on a particular occasion was in conformity therewith. *Compare* OEC 404(3) (evidence of other crimes, wrongs or acts not admissible to prove act in conformity therewith). The issue here is whether plaintiff's regular practice of crossing this particular intersection within the unmarked crosswalk qualifies as a "habit" within the definition of OEC 406(2).

OEC 406(1) is identical to the federal rule, FRE 406. The Oregon rule differs in that our legislature added a definition of habit in OEC 406(2). The legislative commentary states that including this definition "is intended to forestall the use, as habit evidence, of evidence of conduct which in fact shows a character trait." Legislative commentary to OEC 406, *reprinted in* Kirkpatrick, *Oregon Evidence* 113 (1982). Kirkpatrick discusses the three criteria in OEC 406(2):

> "There are three criteria for determining whether conduct

qualifies as habit under Rule 406(b) [sic]. (1) It must be the 'regular practice' of the person in responding to a particular kind of situation; (2) it must be 'specific'; and (3) it must be 'distinctive.'

"The concept of 'regular practice' contains two components: frequency and invariability. * * *

"* * * * *

"The second requirement is that the conduct be 'specific.' This criterion of specificity is a primary distinction between habit evidence and character evidence. A person's tendency to be accident-prone, or to be habitually careful, is probably too general to satisfy the definition of habit. However, a driver's behavior in always using a hand signal in addition to a turn signal or in always traveling a particular route to the office may satisfy the specificity requirement.

"CAVEAT: The third requirement—that the conduct be 'distinctive'—was apparently added to encourage a narrow construction of the rule. Although this requirement is emphasized by the Commentary, it seems likely to cause the greatest difficulty of interpretation. Merely because conduct is unusual or distinctive does not establish that it is a habit. On the other hand, many behaviors that would seem clearly to be habits are not distinctive. Many of the cases cited with approval in the Commentary where habit evidence was admitted under prior Oregon law do not involve distinctive conduct. It would not seem 'distinctive' for a stenographer to follow instructions, a child to use a particular crosswalk, or a car dealer to require orders to be completely filled out. *Because the Commentary does not indicate an intention to overturn prior case law, courts should be flexible in interpreting the distinctiveness requirement when the regular practice and specific behavior requirements are clearly satisfied.*" Kirkpatrick, *supra,* at 115. (Emphasis supplied.)

■  It is clear that plaintiff's practice satisfies the first two criteria. First, witnesses testified that he *always* crossed the street in the crosswalk and that he had done so many times, in all seasons.[1] Second, plaintiff's crossing a particular

---

[1] Defendant argues that plaintiff did not sufficiently establish his "regular practice of meeting a *particular kind of situation,*" OEC 406(2)(emphasis supplied), because the accident occurred on a rainy night and none of the witnesses specifically testified that they had seen plaintiff cross this street on a rainy evening. Some witnesses did state that they had seen plaintiff cross this street in all seasons, and plaintiff also testified that he "always" crossed it in the same manner. Although we

intersection in a certain manner is a type of specific conduct. Witnesses did not say that plaintiff was a careful person or that he generally crossed streets safely. The evidence was not about plaintiff's character but was about a specific type of conduct.

Turning to the third criterion, defendant claims that plaintiff's practice of crossing this street in the crosswalk is not so "distinctive" to qualify as habit. He quotes from the legislative commentary to support his position:

> "* * * A character trait, such as character for care, is a person's tendency to act in a certain way in all the varying situations of life—in business, in family life, in handling an automobile, in walking across the street. A habit, on the other hand, is the person's regular practice of meeting a particular situation with a specific type of conduct which is *distinctive*. Conduct is 'distinctive' if there is some aspect of the activity that would set it apart from the ordinary response to the same situation. For example, an individual who always stops a motor vehicle at a particular stop sign cannot be said to be in the 'habit' of stopping at that sign. The individual's behavior is not distinctive. It is a response that is required by law and that is typical of most drivers at the same intersection. However, if the individual never stops at that particular sign, then that distinctive and specific conduct is 'habit.' " Legislative commentary to OEC 406, *reprinted in* Kirkpatrick, *supra*, at 114. (Emphasis in original.)

Defendant points out that the legislature intended that a motorist's practice of stopping at a particular stop sign not be considered a habit, because it is required by law and is typical of most drivers, and argues that a person's practice of lawfully crossing a street cannot, as a matter of law, be considered distinctive enough to be a habit. We think that a person's regular practice of crossing a street in a certain manner which could be considered unusual is distinguishable from the example in the commentary and may be considered "distinctive," even though it is lawful.

---

decline plaintiff's invitation to take judicial notice of the fact that it often rains in Oregon in the fall and winter, we think that plaintiff's proof was adequate to satisfy OEC 406. The particular kind of situation in issue was plaintiff's need to cross from one side of North Ida to the other at a certain intersection; the particularity requirement does not necessitate an exact duplication of the climatic conditions. Defendant's argument concerns the weight which the habit evidence deserves, and not its admissibility, and defendant did argue to the jury that plaintiff's practice on the night of the accident may have been different because of the rain.

Defendant does not contend that lawful conduct can never be distinctive enough to be considered a habit. The issue in this case is not whether plaintiff's conduct was lawful or unlawful, but whether it was distinctive, "serving to distinguish; setting apart from others." *Webster's Third New International Dictionary* 659 (1976).

Admissibility of habit evidence is within the sound discretion of the trial court. OEC 104(1). The jury could reasonably believe that when the destination was the store's driveway 20 feet to the north of the corner, the typical pedestrian would take the shortest route, that is, would cross the street diagonally, taking him outside the unmarked crosswalk. It could reasonably find that a person's consistent practice of crossing an unmarked intersection within the unmarked crosswalk, where that is not the shortest distance to his ultimate goal, is not typical and is distinctive. Being mindful of the sound advice that "courts should be flexible in interpreting the distinctiveness requirement when the regular practice and specific behavior requirements are clearly satisfied," Kirkpatrick, *supra,* at 116, we hold that the trial court did not err in ruling the testimony admissible as habit evidence.

■ Defendant's second assignment contends that the trial court erred in refusing to give his requested instruction concerning the weight to be given habit evidence. Defendant requested the following instruction:

"I instruct you that evidence of a person's habit is not conclusive evidence of what occurred at the time of the accident."

We conclude that the trial court's other instructions to the effect that the jury is "the sole and exclusive judge of the facts and of the reliability of the evidence" and that the jury must "weigh the evidence" were adequate to guide the jury's evaluation of all the evidence, including that of plaintiff's habit. Moreover, the requested instruction would have been improper as a comment on the probative value of a portion of the evidence. ORCP 59E; *R. J. Frank Realty, Inc. v. Heuvel,* 284 Or 301, 309, 586 P2d 1123 (1978). The trial court did not err in refusing to give the instruction.

Defendant's final assignment contends that the trial

court erred in denying his motion for a mistrial. On the fourth day of trial, while counsel were in the judge's chambers, plaintiff made a statement in the courtroom to the effect that "It looks like this is going to last into salmon season." After the court clerk told him not to speak aloud in the courtroom, plaintiff said, in a loud voice, something to the effect that "I wasn't talking to anyone in particular." The jury apparently heard these remarks, and defendant promptly moved for a mistrial. In his brief, defendant mentions other instances in the course of the trial in which the plaintiff cried, took medication given to him by a girl and became ill and left the courtroom to vomit, all of which were perceived by the jury. Defendant argues that, in the light of those other incidents and testimony that plaintiff had been an avid fisherman before the accident, plaintiff's statements were prejudicial as an attempt to elicit sympathy from the jury.

■ ■ The trial court thought that the statements were "highly improper" but denied the motion on the grounds that the prejudicial effect, if any, was not great and that the statements were made toward the end of the trial. Consideration of a motion for mistrial is within the discretion of the trial court, which is in the best position to evaluate the prejudice from such remarks or emotional displays. *Osborne v. Hay,* 284 Or 133, 145, 585 P2d 674 (1978). In this case, plaintiff had suffered serious injuries, including permanent brain damage, as a result of the accident. Involuntary displays of emotion and illness and inappropriate statements may be expected in such a trial. The trial court instructed the jury that it was "not to allow bias, sympathy or prejudice any place in your deliberations." We conclude that, in the circumstances of this case, the trial court did not abuse its discretion in denying defendant's motion for a mistrial.

Affirmed.