Argued and submitted October 24, 1990, affirmed on appeal and on cross-appeal
February 20, 1991

Dina WASHBURN
and Robert Washburn,
*Respondents - Cross-Appellants,*

*v.*

Max HOLBROOK, D.M.D.,
*Appellant - Cross-Respondent.*

(A8709-05933; CA A60355)

806 P2d 702

Thomas M. Christ, Portland, argued the cause for appellant - cross-respondent. With him on the briefs was Mitchell, Lang & Smith, Portland.

John Timothy Wittrock, Portland, argued the cause for respondents - cross-appellants. With him on the briefs were Kathleen O'Brien and Wittrock & O'Brien, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Defendant appeals the trial court's denial of his motions for mistrial and its failure to give requested jury instructions in this dental malpractice case. Plaintiffs cross-appeal the granting of defendant's motions to strike their punitive damages claim. We affirm.

In March, 1986, plaintiff Dina Washburn went to defendant, her dentist, complaining of a toothache. Defendant concluded that the tissue in the tooth was dying and recommended root canal surgery. During surgery, a dental instrument perforated the tooth and entered the jaw bone, which allowed the material being used to fill the tooth to extrude into the bone. That caused pain and infections, eventually requiring several more surgeries and removal of the tooth. Plaintiffs sued defendant, alleging that his failure to advise Dina of the injury, or to note it in her medical chart, and his failure to provide further care or to refer her promptly to a specialist caused her permanent pain, nerve damage and physical injury. They also alleged that defendant's actions led to a permanent alteration of speech and chewing functions, and emotional distress. Plaintiff Robert Washburn sought damages for loss of consortium. The jury found Dina's damages to be $400,000 and Robert's, $1,000. They also found Dina to be 25 percent contributorily negligent.

Defendant argues that he was prevented from receiving a fair trial because Dina, her attorney and her physician all wept during the trial. He argues that the trial court erred in denying his motions for mistrial because of the emotional displays.

A motion for mistrial is directed to the sound discretion of the trial court. That includes a motion based on emotional outbursts in the courtroom. *Osborne v. Hay,* 284 Or 133, 585 P2d 674 (1978); *Charmley v. Lewis,* 77 Or App 112, 711 P2d 984 (1985), *aff'd* 302 Or 324, 729 P2d 567 (1986). Defendant recognizes the trial court's discretion, but asserts that

"[i]t is one thing when the plaintiff in a personal injury action weeps during trial. It is quite another when the plaintiff's physician and attorney join in."

The trial court's ability to judge the possibility of prejudice

occasioned by emotional outbursts, however, is not diminished by their multiplicity or by who has them. Indeed, the ability of the trial court to evaluate circumstances in the courtroom becomes increasingly important as the circumstances become complex. The fact that more than one individual in the courtroom wept during the proceedings does not reduce the trial court's discretion in considering a mistrial.

The first emotional outburst occurred on the second day of *voir dire.* Plaintiff's counsel had, the evening before, learned of the death of a friend. A comment made by a potential juror triggered a reaction of grief by the lawyer. She bowed her head as she began to weep and asked for a recess, which the trial court called. The second incident occurred during the trial when plaintiff began to cry during her testimony about what had happened to her. The trial court immediately called a recess. As the trial court noted:

> "The tears were just beginning to come when the court called a halt to it."

The third incident happened when Dina's doctor, called as *defendant's* witness, wept during his direct examination. Apparently, his tears were a result of his distress over having to publicly discuss plaintiff's problems. As he said to the judge:

> "I'm sorry, Your Honor. I apologize, but it upsets me terribly when people of this nature [*i.e.,* plaintiff] are misunderstood."

The trial court again called a recess.

We conclude that the trial court did not abuse its discretion in denying the motions for mistrial. The trial court did its best to prevent the tears shed in the courtroom from prejudicing the jury. The record indicates that the jury was excused each time that it appeared that emotions were being, or would be, displayed. The court instructed the jury to weigh the evidence calmly and dispassionately and to decide the issues on their merits. The court also instructed the jury not to allow bias, sympathy or prejudice to affect its deliberations. Later, in explaining its denial of defendant's request for a judgment *n.o.v.* made on the same bases as the motions for mistrial, the trial court stated:

> "I think the Court has to weigh in its own mind whether

these various acts were substantial enough to have a substantial effect on the jury's verdict. I immediately made cautionary instructions. I used my best judgment at the time of whether this was going to get out of hand. And the Court has a great deal of responsibility being the trail [*sic*] judge to see that the fair trial is given. And I thought about it and weighed these things, and I think they did not. I think the plaintiff was a very sympathetic woman, if you accepted her testimony. And all the suffering she testified to, if you accepted that as true, and the evidence was substantial that there was error here and negligence. I, using my best judgment, I think that the verdict should stand."

Under the circumstances, the trial court did not abuse its discretion in denying defendant's motions.

■　　　Defendant also argues that it was error for the court to deny his motion for mistrial based on the misconduct of plaintiffs' counsel in spilling a box of prescription pill bottles on the counsel table after the court had declined to admit them in evidence. After submitting prescription forms, plaintiffs' counsel had asked that the accompanying pill bottles be admitted as evidence. The trial court denied the offer:

"MS. O'BRIEN:　Your honor, I do move the introduction of these as exhibits.

"THE CLERK:　They will have to be numbered.

"THE COURT:　I am not going to receive them. *I think you have been able to demonstrate them to the jury. They are not items that I would receive in evidence.*

"MS. O'BRIEN:　Your Honor, may I allow the jury to look at these *a little more closely?*

"THE COURT:　No." (Emphasis supplied.)

Plaintiffs' counsel then deliberately spilled the bottles onto the counsel table. Defense counsel moved for a mistrial. The court said:

"I am not going to grant the motion, but I am going to give the jury a strong statement about this. This is a very costly thing for you to bring to this trial, and I am considering your client, but you cannot — if this goes on, I am going to have to respond to his motion.

"Now, I think a statement by the court can remove that, but you cannot, you just cannot ignore rulings, Miss O'Brien

\* \* \*. I think I can say something now that will [take care of the matter.]"

Defendant argues that, because plaintiffs' attorney's misconduct was intentional, the trial court did not have discretion to deny his motion. In support of this position, he relies on *Blake v. Webster Orchards,* 249 Or 348, 437 P2d 757 (1968), and *Leishman v. Taylor,* 199 Or 546, 263 P2d 407 (1953). Those cases, however, involved references to insurance made during trial. They do not hold that *any* irrelevant evidence, when intentionally presented to the jury, requires the court to declare a mistrial. In *Blake,* the court said:

> "If *insurance* is not relevant and is intentionally injected into the case, the trial court must grant a motion for mistrial and if it does not it has committed reversible error." 249 Or at 354. (Emphasis supplied.)

It went on to say:

> "Usually a mistrial is not required merely because irrelevant evidence is intentionally introduced; however, when intentionally introduced evidence is not only irrelevant but also may cause prejudice, a mistrial is required." 249 Or at 355.

Plaintiffs' counsel's conduct here was completely improper. She acted directly contrary to a ruling of the court. Although her conduct might justify sanctions or disciplinary review, the trial court retained the discretion to determine whether the conduct prejudiced defendant. The record shows that, before plaintiffs' counsel dumped them on the table, the jury had not actually seen the prescription bottles. They had been shown the box and had been told that it contained the bottles. As defendant acknowledges, they knew what was in the box. Dina testified that the box contained some, but not all, of the pain relievers and other medications that were prescribed for her during the course of her dental treatment. Accordingly, the idea that plaintiff had been taking a lot of medication for the symptoms of her dental problems clearly had been conveyed to the jury. Dumping the bottles on the table was a dramatic display for the jury. The act did not, however, give the jury any information that it did not already have. Further, the trial court immediately instructed the jury that the bottles were not evidence and should be disregarded. We presume that the instruction was followed. *Donald H.*

*Hartvig, Inc. v. Clackamas Town Center,* 101 Or App 79, 84, 789 P2d 679, *rev den* 310 Or 3393 (1990). We conclude that the trial court's denial of defendant's motion for mistrial was within its discretion.

■　　Next, defendant assigns as error the trial court's failure to give two requested instructions:

> "If you find in favor of the plaintiffs, I instruct you that the plaintiffs are not entitled to recover for any condition or complaint that they made prior to the treatment in question. Nor would they be entitled to recover for any condition or complaint that existed after the treatment unless you find by a preponderance of the evidence that such condition was in fact caused by the defendant's negligence.

> "I instruct you that plaintiffs are not entitled to recover from defendant for treatment for pain and suffering which would have had to have been incurred in any event."

■　　Defendant argues that failure to give the instructions prevented the jury from being instructed on his contention that many of the emotional damages claimed by plaintiffs were pre-existing at the time of treatment by defendant or were otherwise not caused by his actions. All parties are entitled to have the jury instructed on their respective theories of the case, if there is evidence relevant to those theories. *Martin v. Burlington Northern,* 47 Or App 381, 386, 614 P2d 1203, *rev den* 290 Or 149 (1980). Unlike in *Martin,* where the defendant's theory was not adequately supported by other instructions given by the court, there were other instructions here that adequately instructed about defendant's theory.

The court gave this instruction:

> "To determine whether the defendant's alleged negligence in fact resulted in a less favorable outcome for the plaintiff, you must first determine what the outcome for the plaintiff would have been had the defendant not been negligent. *If the outcome that would have occurred is no more favorable than the outcome that did occur, then the plaintiffs' loss or damage cannot have been caused by the defendant.*" (Emphasis supplied.)

That instruction, combined with several instructions on

causation,[1] adequately informed the jury not to compensate plaintiff for damages that she would have incurred even in the absence of defendant's negligence. The trial court did not err in refusing to give the requested instructions.

■ Finally, defendant asserts that the court erred in failing to instruct the jury that

> "the testimony of other dentists that they would have followed a different course of treatment other than that followed by defendant does not establish negligence."

Defendant argues that, without that instruction, he was prejudiced by the testimony of at least one doctor who stated that he would have treated Dina differently. Defendant correctly states that the standard of care that experts at trial would profess to use is not the relevant standard for proving negligence. The jury *was* instructed that

> "a dentist has a duty to use that degree of care, skill and diligence which is used by ordinarily careful dentists practicing in the same or similar circumstances in the same or a similar community."

There was testimony as to the standard of care in the community. To the extent that plaintiffs' experts applied some other standard, defendant was free to cross-examine them. It was

---

[1] The instructions included:

"In determining the amount of [plaintiff's] damages, you must determine each of the items of plaintiff's damage which I am now about to mention, *provided you find them to have been suffered by her as a result of defendant's negligence,* bearing in mind that the plaintiff must prove each item of damage by a preponderance of the evidence.

"* * * * *

"If you find that plaintiff is entitled to damage, then it's your duty to *determine the amount of general damages that she has suffered because of any injuries which have been caused by the defendant's negligence.*

"In determining the amount of general damages, consider each of the following:

"First, consider all past physical and mental pain and suffering, if any, which plaintiff has suffered *from such injuries* from the time she received them up until the present time. Then consider all future physical and mental pain and suffering, if any, which it is reasonably probable plaintiff will suffer in the future *as a result of such injuries.*

"Then consider any interference with plaintiff's normal and usual activities, apart from the activities in a gainful occupation, which you find have been sustained, from the time she received them to the present time and in the future, and this amount may not exceed the sum of $1,800,000." (Emphasis supplied.)

not error to decline to accept the instruction offered by defendant.

■ Plaintiffs cross-appeal the trial court's granting defendant's motion to strike their punitive damages claim. In their first amended complaint, plaintiffs alleged:

> "Defendant's failure on August 25, 1986 to inform plaintiff [of] what had happened during the procedure on March 17, 1986 was willful and wanton and negligent in the extreme (gross negligence)."

and

> "Plaintiff is entitled to punitive damages in an amount to be determined to be reasonable by the jury."

Defendant moved to strike the two paragraphs "on the grounds that said allegations fail to state a cause of action against this defendant." The court granted the motion. The punitive damages allegation was not included in the second amended complaint. However, it reappeared in the third amended complaint. Defendant again moved to strike it, and the motion was again granted. Plaintiffs now assert that the motion was granted on erroneous grounds, because ORS 18.550, cited as authority in defendant's motion, does not apply to this action, which was commenced before the effective date of the statute.[2]

We do not address this assignment of error, because plaintiffs failed to preserve it. The only evidence in the record on the issue is a letter from plaintiffs' counsel in which she concedes that punitive damages are precluded by ORS 18.550.[3]

Affirmed on appeal and on cross-appeal.

---

[2] The motion actually cites ORS 18.540, but that statute, which relates to the distribution of damages, is clearly not pertinent. ORS 18.550 provides, in part:

> "Punitive damages shall not be awarded against a health practitioner if:
>
> "(1) The health practitioner is licensed, registered or certified as:
>
> "(i) a dentist under ORS 679.060 to 679.180."

That is presumably the intended authority.

[3] There is no record of the hearings or the trial court's reasons for granting the motions.